The Court’s opinion was delivered by Judge Roane, as follows:
This is an action of Ejectment brought by the appellant against the appellee. At the trial, upon the general issue, the appellant relied upon a deed of February 7th 1812, made to him by II. Edmundson, the trustee in a Deed of Trust of February 3d. 1809, executed by Andrew and Charles Lewis to him, to secure the payment of a debt due to Reuben and Randolph Ross, which debt was duly assigned by them to the appellant. Both these deeds are in the common form, and are in themselves unexceptionable. The defendant claims under a Deed from Charles Lewis, for the consideration of g15,000, made after the trust deed aforesaid, and before the sale to the plaintiff, and was put in possession of the premises. That deed is, therefore, subject to the incumbrance contained in the deed of trust, and must yield to any title legally deduced under it. Both the deeds being unexceptionable as aforesaid on their face, and that of February 7th 1812, being only produced on the trial, it could not be assailed but by evidence.
*366 The Jury found a special verdict, detailing certain acts committed by the appellant at the time of the sale, which are fraudulent, as to the defendant; and they also ^iem ke fraudulent. These facts tended to prevent competition at the sale, by means of which, it is also found, the appellant got the land for about one seventh part of its value. There is no doubt but that, in a Court of Equity, these facts would vacate the sale, and the defendant be deemed to hold the land subject to the trust. Nor is there any doubt, but that, in a Court of law, a fraud may be given in evidence to vacate a deed, if that fraud relates to the execution of the instrument; as, if it be misread to the party, or his signature be obtained to an instrument which he did not intend to sign. It would be too much, however, to vacate a bond at law, because a pai’ty was imposed on, in a settlement of accounts which preceded it’s execution, or a bond or deed which was founded on a false or fraudulent statement of facts. Such circumstances go to shew a want of consideration; and a defendant can not avoid a solemn deed on that ground, by parol, in a Court of law. In that Court, and on such an instrument, the principle that fraud and covin vacates every contract, is to be taken in subordination to another principle, namely, that the party is estopped from averring a matter of the kind against a specialty. If this position needs support, it may be found, among other cases, in that of Mease v. Mease, Cowp. 47, and Dorr v. Munsel, 13 Johnson’s N. York rep. 430. In the last case it is expressly decided, that the fraud to be proved upon a plea of non est factum, must be such as relates to the execution of the instrument.
With respect to the Deed in this case, it is not at this day to be questioned that the Deed of a Trustee conveys a legal title, The Trustee himself takes a legal, though defeasible title; and that title becomes absolute in his vendee, by the Deed, in a Court of law.
We are also of opinion that, in a Court of law, the Vendee need not shew that the conditions of the Trust deed have been complied with. There have been some. *367 opinions and dicta in this Conrt(1) seeming to countenance a contrary idea; but this is our opinion upon due consideration. While, however, the vendee gets a legal title by the mere execution of his deed, the original owner of the land, or his alienee, is not to be injured by a breach of trust on the part of the trustee. A purchaser from him, the requisitions of the Deed not being complied with, does not, in equity, get a complete title. He does not get it, because, until then, the trustee is not authorised to convey it.
On these grounds, we find ourselves compelled to reverse the judgment, and enter one for the appellant.

 Note. See Pollard v. Baylor’s devisees, 4 H. & M. 229, Ibid 136-7; and Ross v. Norvell, 3 Munf. 182.